IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GILDARDO GUZMAN,<br><br>          Plaintiff(s),<br>   v.<br><br>AMERICA'S SERVICING COMPANY, et. al.,<br><br>          Defendant(s). | CASE NO. 5:13-cv-02351 EJD<br><br>**ORDER DENYING EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER; ORDER TO SHOW CAUSE**<br><br>[Docket Item No(s). 2] |

## I.   INTRODUCTION

Presently before the court is Plaintiff Gildardo Guzman's ("Plaintiff") ex parte Application for a Temporary Restraining Order ("TRO") and Order to Show Cause for Preliminary Injunction pursuant to Federal Rule of Civil Procedure 65. See Docket Item No. 2. Specifically, Plaintiff seeks an order enjoining Defendants America's Servicing Company, GMAC Mortgage, LLC, Mortgage Electronic Registration Systems, Inc., Mortgage It, Inc., and NDEX West, LLC, (collectively, "Defendants") from selling real property located in San Jose, California, at a foreclosure sale.

The court finds this matter suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b). Plaintiff's Application will be denied for the reasons explained below. In addition, the court will issue an Order to Show Cause because federal jurisdiction is not apparent based on the allegations contained in the Complaint.

## II. LEGAL STANDARD

### A. Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co of America, 511 U.S. 375, 377 (1994). Federal jurisdiction can generally arise in two ways: (1) from the presence of a federal question, or (2) from diversity of the parties. See 28 U.S.C. §§ 1331, 1332. For jurisdiction based on a federal question, the court looks to the face of a "well-pleaded complaint" to determine whether a cause of action is created by federal law or whether the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law. Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 808 (1988) (citing Franchise Tax Bd. of California v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983)). For diversity, federal courts have original jurisdiction where (1) opposing parties are citizens of different states and (2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

"A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996). To that end, "a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties" in order to confirm that all parties are diverse. Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).

### B. Injunctive Relief

The standard for issuing a TRO is the same as that for the issuance of preliminary injunction. See New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2 (1977). A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008). "The proper legal standard for preliminary injunctive relief requires a party to demonstrate (1) 'that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest." Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009).

As a corollary to this test, the Ninth Circuit has also found a preliminary injunction

2

Case No. 5:13-cv-02351 EJD
ORDER DENYING EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER; ORDER TO SHOW CAUSE

1  appropriate if "serious questions going to the merits were raised and the balance of the hardships tips
2  sharply in the plaintiff's favor," thereby allowing preservation of the status quo where complex legal
3  questions require further inspection or deliberation. Alliance for the Wild Rockies v. Cottrell, 622
4  F.3d 1045, 1049 (9th Cir. 2010).

5   "These formulations are not different tests but represent two points on a sliding scale in
6  which the degree of irreparable harm increases as the probability of success on the merits
7  decreases." Big Country Foods, Inc. v Board of Educ. of the Anchorage School Dist., 868 F.2d
8  1085, 1088 (9th Cir. 1989). But "[u]nder either formulation, the moving party must demonstrate a
9  significant threat of irreparable injury, irrespective of the magnitude of the injury." See id.

### III.  DISCUSSION

11   The court has reviewed Plaintiff's pleadings and finds injunctive relief inappropriate
12  because, as a foundational matter, Plaintiff has not plead sufficient facts to support diversity
13  jurisdiction. Moreover, Plaintiff has not demonstrated through this Application that he will suffer
14  imminent irreparable harm or that he is likely to succeed on the merits.

15   **A.**  **Diversity Jurisdiction**

16   In the Complaint, Plaintiff contends that diversity jurisdiction exists pursuant to 28 U.S.C. §
17  1332. Plaintiff's jurisdictional allegations, however, do not support this contention in their current
18  form.

19   Here, Plaintiff alleges that he is "an individual . . . living in the State of California." See
20  Compl., Docket Item No. 1, at ¶ 10. This particular piece of information is insufficient by itself
21  because allegations of residency - which is what this appears to be - as opposed to those that
22  designate a party's domicile, are essentially irrelevant to a determination of diversity jurisdiction.
23  See Kanter, 265 F.3d at 857 ("A person's domicile is her permanent home, where she resides with
24  the intention to remain or to which she intends to return. . . . A person residing in a given state is not
25  necessarily domiciled there, and thus is not necessarily a citizen of that state."). Plaintiff, therefore,
26  has not sufficiently alleged his domicile for jurisdictional purposes. Id. ("[T]he diversity jurisdiction
27  statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency.").

28

3
Case No. 5:13-cv-02351 EJD
ORDER DENYING EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER; ORDER TO SHOW
CAUSE

As to the five named Defendants, all of which appear to be corporate entities, Plaintiff alleges the following: (1) "Defendant America's Servicing Company is a subsidiary of Wells Fargo Bank and is a mortgage servicing company doing business in Santa Clara County;" (2) "Mortgage IT, Inc. is a subsidiary of Deutsche Bank;" (3) "Defendant GMAC Mortgage, LLC was a failed mortgage company . . . OCWEN Mortgage Company, LLC, which its principle [sic] place of business located in West Palm Beach, Florida, purchased and assumed respectively the assets and liability of Defendant GMAC Mortgage, LLC;" (4) NDEX West, LLC, is a business entity with its principle [sic] place of business in Austin, Texas, doing business in Santa Clara County;" and (5) "Mortgage Electronic Registration Systems, Inc., is a subsidiary of MERS Corp, Inc., has its principle [sic] place of business in the State of Virginia, and does business in Santa Clara County, California." See Compl., at ¶¶ 10-16.

These allegations are incomplete because, for each corporate defendant, Plaintiff must allege both its state of incorporation and its principal place of business. See 28 U.S.C. § 1332(c)(1) (specifying that, for diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.).  Plaintiff must also affirmatively allege these same allegations for any subsidiary defendant separately from its parent. See Danjaq, S.A. v. Pathe Commc'ns Corp., 979 F.2d 772, 775 (9th Cir. 1992).

Since federal jurisdiction does not arise based on the Complaint, Plaintiff's request for injunctive relief must be denied.  In addition, the court will order Plaintiff to show cause why this case should not be dismissed for lack of subject matter jurisdiction.

**B.   TRO**

Although the apparent lack of jurisdiction is an adequate reason to deny relief, the court nonetheless addresses Plaintiff's Application on its merits.  Doing so reveals that Plaintiff would not succeed on his injunctive request even if he had properly supported diversity of the parties.

To begin, Plaintiff has not established that the potential cause of irreparable harm, the foreclosure sale, is imminent. See Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th

4
Case No. 5:13-cv-02351 EJD
ORDER DENYING EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER; ORDER TO SHOW CAUSE

1 Cir. 1988) ("A plaintiff must do more than merely allege imminent harm sufficient to establish
2 standing; a plaintiff must demonstrate immediate threatened injury as a prerequisite to preliminary
3 injunctive relief."). Here, all of the documents Plaintiff submitted in support of the Application,
4 which includes only a legal memorandum in addition to the Application itself, indicate that the
5 foreclosure sale is to occur on March 24, 2013. A copy of the Notice of Trustee's sale was not
6 presented. But if Plaintiff's representation is true, then the sale has already occurred. It may be a
7 mistake, but that is the only representation before the court.

8 In any event, Plaintiff has not established a likelihood of success on the merits even if the
9 foreclosure sale was to occur on May 24th rather than March 24th. Plaintiff's central argument is
10 that NDEX West, LLC lacks standing to foreclose because the Deed and Trust has been separated
11 from the Note. This version of the "produce the note" theory has been rejected by district courts as a
12 basis to invalidate foreclosure proceedings. See, e.g., Pantoja v. Countrywide Home Loans, Inc.,
13 640 F. Supp. 2d 1177, 1186 (N.D. Cal. 2009) ("[U]nder California law, there is no requirement for
14 the production of an original promissory note prior to initiation of a nonjudicial foreclosure.").
15 Theories based on securitization have also been rejected. See, e.g., Lane v. Vitek Real Estate Indus.
16 Grp., 713 F. Supp. 2d 1092, 1099 (E.D. Cal. 2010) ("[T]he argument that parties lose their interest in
17 a loan when it is assigned to a trust pool has also been rejected by many district courts.").

18 Moreover, the court has examined the mortgage loan analysis attached to the Application and
19 finds that it does not support Plaintiff's contention that the Note and Deed of Trust have been
20 separated. See Appl., Docket Item No. 2, at Ex. A. The examiner was provided only a copy of the
21 Deed of Trust and Note addendums to review and, without more, was unable to reach a conclusion.

22 For these reasons, Plaintiff has not made the showing required for injunctive relief. In
23 addition, Plaintiff has not raised the type of serious questions sufficient to justify a temporary
24 restraining order. Although the court is certainly not immune to the incredible hardship experienced
25 by those faced with the potential loss of a home, it can only grant relief based upon an appropriate
26 presentation under the law. Because that presentation has not been made here, and because federal
27 jurisdiction is not apparent, Plaintiff's request must be denied.

28

5
Case No. 5:13-cv-02351 EJD
ORDER DENYING EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER; ORDER TO SHOW CAUSE

### IV. ORDER

Based on the foregoing, Plaintiff's ex parte Application for a Temporary Restraining Order and Order to Show Cause for Preliminary Injunction is DENIED.

The court orders Plaintiff to show cause why this case should not be dismissed for lack of subject matter jurisdiction. If Plaintiff does not, **by June 7, 2013**, demonstrate the basis for this court's subject matter jurisdiction by filing an Amended Complaint consistent with the discussion above, the court will dismiss this action without prejudice. See Freeman v. Oakland Unified Sch. Dist., 179 F.3d 846, 847 (9th Cir. 1999). No hearing will be held on the Order to Show Cause unless ordered by the court.

**IT IS SO ORDERED.**

Dated: May 24, 2013



EDWARD J. DAVILA
United States District Judge