IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GILDARDO GUZMAN, | CASE NO. 5:13-cv-02351 EJD |
| Plaintiff(s), | **ORDER DISMISSING CASE** |
| v. | |
| AMERICA'S SERVICING COMPANY, et. al., | |
| Defendant(s). | |

## I. INTRODUCTION

In this action related to the disposition of real property, Plaintiff Gildardo Guzman ("Plaintiff") filed a Complaint against America's Servicing Company, GMAC Mortgage, LLC, Mortgage Electronic Registration Systems, Inc., Mortgage IT, Inc., and NDEX West, LLC for various violations of state law on May 23, 2013. See Docket Item No. 1. He also filed a request for a temporary restraining order enjoining a foreclosure sale. See Docket Item No. 2. On May 24, 2013, the court denied the request for injunctive relief and ordered Plaintiff to show cause why this case should not be dismissed for lack of subject matter jurisdiction. See Docket Item No. 8. The court advised Plaintiff that this action would be dismissed without prejudice if he did not file an amended complaint demonstrating the basis for federal jurisdiction. Id.

Plaintiff filed an Amended Complaint in response to the show cause order on June 17, 2013, which names as defendants America's Servicing Company, OCWEN Mortgage Company, Mortgage

1  Electronic Registration Systems, Inc. ("MERS"), Mortgage IT, Inc., and NDEX West, LLC
2  (collectively, "Defendants"). See Docket Item No. 14. The court has carefully reviewed the
3  amended pleading but finds for the reasons explained below that Plaintiff did not remedy his
4  jurisdictional allegations.

## II.  LEGAL STANDARD

As it did previously, the court begins with the relevant jurisdictional authority. "Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co of America, 511 U.S. 375, 377 (1994). Federal jurisdiction can generally arise in two ways: (1) from the presence of a federal question, or (2) from diversity of the parties. See 28 U.S.C. §§ 1331, 1332. For jurisdiction based on a federal question, the court looks to the face of a "well-pleaded complaint" to determine whether a cause of action is created by federal law or whether the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law. Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 808 (1988) (citing Franchise Tax Bd. of California v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983)). For diversity, federal courts have original jurisdiction where (1) opposing parties are citizens of different states and (2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

"A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996). To that end, "a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties" in order to confirm that all parties are diverse. Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).

## III.  DISCUSSION

The jurisdictional allegations contained in the original Complaint were deficient to demonstrate diversity jurisdiction under 28 U.S.C. § 1332 for two primary reasons. First, Plaintiff alleged only that he resided in California rather than alleging he was domiciled in the state. Id. at 857 ("[T]he diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency."). Second, Plaintiff's allegations concerning the named defendants were incomplete because he did not identify each defendant's state of incorporation and principal place of business.

Id. ("Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties."); 28 U.S.C. § 1332(c)(1) (specifying that, for diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.")

The Amended Complaint contains the same deficiencies. Plaintiff again alleges his own residency rather than his domicile. See Am. Compl., at ¶ 4 ("Plaintiff is and was at all times material hereto a resident of the County of Santa Clara, State of California."). As to Defendants, MERS is the only defendant for which complete jurisdictional allegations are provided. As to the others, Plaintiff only specified a principal place of business for NDEX West, LLC and OCWEN Mortgage Company, LLC without also alleging these entities' state of incorporation. Id. at ¶¶ 6, 7. There are no relevant allegations for Mortgage IT, Inc. Id. at ¶ 8. Without more, the court cannot confirm the existence of diversity jurisdiction based on the Amended Complaint.

Nor does the Amended Complaint support jurisdiction based on the presence of a federal question. While Plaintiff alleges "that this court has jurisdiction under the provisions of 12 U.S.C. § 2605," otherwise knows as the Real Estate Settlement Procedures Act ("RESPA"), Plaintiff asserts only state-law causes of action in the Amended Complaint. That being the case, no part of this case is either created by federal law or dependant upon resolution of a substantial question arising under federal law. See Christianson, 486 U.S. at 808. Mere reference to a federal statute is not enough. See Gully v. First Nat'l Bank in Meridian, 299 U.S. 109, 112 (1936) ("To bring a case within the [federal question] statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action.").

Since the Amended Complaint does not reveal a basis for diversity or federal question jurisdiction, Plaintiff has not demonstrated the good cause required by the show cause order and the court lacks the ability to proceed with this action. Ex Parte McCardle, 74 U.S. (7 Wall.) 506, 514 (1868) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."). Accordingly, it must be dismissed.

3

CASE NO. 5:13-cv-02351 EJD
ORDER DISMISSING CASE

### IV. ORDER

Based on the foregoing, this case is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction. See Freeman v. Oakland Unified Sch. Dist., 179 F.3d 846, 847 (9th Cir. 1999). The Clerk shall close this file.

**IT IS SO ORDERED.**

Dated: June 18, 2013



EDWARD J. DAVILA
United States District Judge